Judge Roane.
The issue joined in this cause being upon the plea of non-assumpsit by the testator within five years, the admission of Gholson’s testimony proving repeated promises by the executor in the years 1788, and 1789, in order to take the ease out of the statute, was clearly erroneous. On this ground alone the judgment of the District Court must be reversed; and it is unnecessary to decide absolutely upon the other points made by the bill of exceptions in the District Court : I will, however, state my present impressions respecting them.
With respect to the letter of Fisher and the deposition of Campbell, I am not at present prepared to say that they were not admissible under the fifth count in the declaration; the insimul computassent. The cause of action arose independently of the reference to Campbell and Wheeler, and that reference was only to adjust a disputed item. The parties accounted together, in relation *to that item, but in so doing they agreed to call in third persons to state the account between them. On the authority of a passage in Butler, 129. I think it is not necessary that both the parties should personally account together in order to maintain this action : but the evidence in this case shews that both parties were, at times, present at the settlement, and that Daniel Fisher appeared satisfied therewith. There can be no pretence that the defendants could have been surprised with this evidence, because as well the account exhibited in the County Court as that exhibited in the District Court, refer to the item in question as having been settled by Campbell; and it was also proved in the trial in the County Court that an account exactly corresponding therewith was stated on the books of the testator : the defendants were therefore sufficiently apprized that this testimony would be exhibited.
With respect to the last point made in the bill of exceptions, respecting the expunging of all items of more than five years’ standing before the testator’s death, I am not satisfied that the decision in the case of Gaskins v. The Commonwealth,(a) would warrant its being done in the case before us. That limitation of time had run out, in relation to many of the items in the account prior to the passage of the act, and whereas, before the passage of the act, it depended on the will of the defendant to plead the statute, (a defence often not resorted to,) it became, after this act was passed, imperiously the duty of the Court to *575 expunge the items. This would seem to affect the existing rights of the plaintiffs, and, perhaps, bring this case within the reason of the decision in Elliott's Executor v. Lyell;(b) upon this point, however, I have formed no conclusive opinion.
The County Court also erred in their judgment. In the trial there, the defendant moved the Court to instruct the Jury, that as the writ bore date the 10th of February, 1799, and, as no assumption by Daniel Fisher was proven after the settlement by Campbell, (which was before the 1st of January, 1794,) the demand was barred by the act of limitations; but the Court instructed the Jury, on the contrary, that, from the whole testimony before them the demand was not barred.
There was no testimony before them which warranted such an opinion. The plaintiffs, it is true, proved that, after the testator’s death, his books were compared with the account and found to correspond, and this is stated, (together with other evidence not pertinent to this point,) to be all the testimony exhibited in the cause;—but *this last testimony certainly does not prove an assumption by the testator within five years from the time of suing the writ, unless the plaintiffs had further proved that this entry was made within the limitation aforesaid. It may have been made, for any thing that appears, more than five years before the suing of the writ; and, if the fact be otherwise, it is the fault of the plaintiff that he did not shew it;—but, on the contrary, the Court has admitted that no assumption was proven after the settlement by Campbell. It was proved in the trial before the District Court that the testator had died more than five years before the date of the writ, viz. in January, 1794. It is true that, in the trial before the County Court, (whose judgment I am now examining,) it is stated in the bill of exceptions that this death was proved to have taken place in December, 1794, or January, 1795; but this may possibly be a mistake, and may have arisen from the probat of Daniel Fisher's will having been previously shewn to have taken place at the last mentioned period, viz. in January, 1795. This is the only ground whereon to reconcile the conflicting opinions of the two Courts as to the point in question. But be this matter as it may, if the entry in the testator’s books is relied on to take the case out of the statute, that entry should have been shewn to have been made, or acknowledged, within five years before the date of the writ.
It is said that the Jury should have been permitted to infer an assumption within five years, from the mere exist *576 ence of the entry in Daniel Fisher’s books. While this position is not admitted, because the Jury ought to have had some evidence of an assumption within five years, the County Court certainly erred in undertaking to say, and instruct the Jury, that, from this, or any other evidence in the cause, the demand was not barred.
My opinion, therefore, is that both judgments be reversed.
Judge Fleming.
There can be no doubt, I think, that the District Court erred in permitting evidence to go to the Jury to prove an assumpsit of the executor in an action founded on the assumpsit of his testator; the assumpsit of the former being no part of the issue between the parties. This seems sufficient error for reversing the judgment of the District Court.
With respect to the judgment of the County Court, it seems to me that the fifth count in the declaration is well *supported in the evidence, and, therefore, the objection of the defendant’s counsel that the testimony did not maintain a single count is unfounded: nor did the Court err in refusing to expunge every item in the account of more than five years’ standing; because the testator, not long before his death, by his letter of the 16th of November, 1793, acknowledged that he had settled his accounts with the plaintiffs, and complained of no article, except that be thought himself overcharged with the board and other expenses of his son, John Fisher, who had lived in the store of the plaintiffs, which he submitted to the arbitrament of Messrs. Campbell and Wheeler, or their umpire. But it appears to me that the County Court erred in having instructed the Jury, that, “ from the whole testimony before them, the de- “ mand of the plaintiffs was not barred by the act of limita- “ tions;" which I conceive to have been an improper interference, and an infringement on the privileges of: the Jury, whose right it was to judge of the sufficiency or insufficiency of the evidence adduced to establish any fact or facts in issue before them; the province of the Court being to see that all proper evidence offered (and none other) be submitted to their consideration; without saying what effect such evidence ought to have in the cause.
The opinion of the Court is that the judgment of the District Court is erroneous in permitting the deposition of John Gholson to go as evidence to the Jury, to prove an assumpsit of John Fisher, one of the executors of Daniel Fisher; because an assumpsit of an executor cannot be *577 given in evidence on the trial of an issue on the assumpsit of his testator within five years.
The judgment is therefore to he reversed and annulled, and this Court proceeding to give such judgment as the said District Court ought to have given, a majority of the Court is of opinion that the County Court erred in instructing the jury, that, “ from the whole testimony before them “ the demand of the appellees was not barred by the act of “ limitations;” as the sufficiency of the evidence ought to have been left wholly to the consideration of the jury.
The judgment of the County Court is also to be reversed with costs, and the cause remanded to the said District Court, for a new trial to be had therein, with directions that no instruction is to be given to the Jury, on such trial; respecting the sufficiency or insufficiency. of the evidence.

 1 Call, 194.

) 3 Call, 268.